IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

AUSTIN CAREY JONES,

    Plaintiff,
v.                                                 CASE NO. 1:13-cv-1-MW-GRJ

STATE OF FLORIDA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner in the custody of the Florida Department of Corrections, initiated this case by filing Doc. 1, a complaint pursuant to 42 U.S.C § 1983, and Doc. 2, a motion for leave to proceed as a pauper. The Complaint stems from Plaintiff's 2005 Alachua County convictions for sexual battery and unlawful sexual activity with certain minors. Plaintiff contends that his convictions were obtained in violation of his constitutional rights. For relief, he seeks to have his convictions and sentence vacated, and for emergency release from confinement.

"[W]hen a prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release . . . his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is clear that Plaintiff's claims in this case go to the very heart of habeas corpus and are not properly raised in a civil rights complaint.

Plaintiff has previously been denied relief under 28 U.S.C § 2254 with respect to these convictions. *See Jones v. McDonough*, Case No. 1:07-cv-173-MP-AK, Docs. 22, 32, 40 (N.D. Fla.) (orders denying petition and COA, and Eleventh Circuit order denying

COA). A second habeas petition was dismissed as an unauthorized successive petition. *See Jones v. State*, Case No. 1:10-cv-135-MP-AK, Doc. 7 (N.D. Fla.).

In order to file a second or successive § 2254 petition, the Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

There is nothing in the record that reflects that Plaintiff has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's habeas corpus claims.

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper, Doc. 2, be **DENIED**, and that the Complaint, Doc. 1, be **DISMISSED**, because in substance it is an unauthorized petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IN CHAMBERS** this 3rd day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.